IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VOLLARA LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:18-cv-2779-L |
| | § | |
| ECOTECHWORLD, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendants Ecotechworld, Inc. and Alexander Vysotsky have filed a Motion to Transfer Venue, *see* Dkt. No. 10, which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for hearing, if necessary, and determination, *see* Dkt. No. 14.

Plaintiffs Vollara LLC, Vollara Concepts LLC, and DBG Group Investments filed a response. *See* Dkt. No. 20. And Defendants filed a reply. *See* Dkt. No. 23.

### **Background**

Plaintiffs sell a variety of eco-friendly technologies, such as air and water purification devices, through expressly authorized distributors. *See* Dkt. No. 1 at 3. They are the owners or licensees of numerous trademarks and have registered several of the marks with the U.S. Patent and Trademark Office ("USPTO"). *See id.* at 4. Plaintiffs' predecessor-in-interest, EcoQuest International, also used original trademarks in connection with the sale and distribution of its air filtration products and

it registered several of the marks with the USPTO. *See id.* Several of the products bearing EcoQuest trademarks also received designation as "Certified Space Technology" by the United States Space Foundation ("USSF") – a non-profit that designates and distinguishes products derived from space-related technology. *See id.*

Plaintiffs sued Defendants in the United States District Court for the Northern District of Texas, Dallas Division, asserting claims for trademark infringement, false advertising, unfair competition, and misappropriation. *See* Dkt. No. 1. Plaintiffs allege that Defendants are using Plaintiffs' trademarks on their website and elsewhere on the Internet for the purpose of selling Defendants' products without Plaintiffs' consent. Plaintiffs also allege that Defendants' use of Plaintiffs' trademarks is likely to cause consumer confusion and deceive consumers by suggesting that the products offered for sale by Defendants are the same as or connected to Plaintiffs' products. *See id.*

Plaintiffs, who are limited liability companies with their principal places of business in Dallas, Texas, alleged that venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this judicial district or, in the alternative, because a defendant is subject to personal jurisdiction in this district. *See id.* at 2-3.

Defendants move to transfer venue to the Central District of California. *See* Dkt. No. 10. Defendant Ecotech is a corporation with its principal place of business in Tarzana California, and Defendant Vysotsky is an individual who resides in Reseda, California. *See id.* at 2-3. Defendants argue that their website, which is alleged to have

been infringing upon Plaintiffs' trademarks, is located in Tarzana, California and that all repairs on air purifiers that are conducted by Defendants will require customers to ship their products or, if local, to bring the products to Los Angeles, California. *See id.* at 5. Defendants also argue that Plaintiffs admit that the goods at issue are not the products that Plaintiffs maintain in Texas but only the products in Defendants' possession in California. *See id.* And Defendants argue that the injunctive relief sought by Plaintiffs is primarily applicable in California and that the majority of witnesses are located in California. *See id.* at 5-6.

Plaintiffs respond that the Court should retain the case because all three plaintiffs have their principal places of business in Texas; Defendants are advertising and selling infringing products bearing Plaintiffs' trademarks to consumers within Texas through one or more highly interactive commercial websites; Defendants have and are continuing to accept and fulfill orders from Texas residents for these products; Plaintiffs suffered injuries in Texas; and the majority of Plaintiffs' witnesses are located in Texas. *See* Dkt. No. 20 at 5, 9-10.

The Court now determines that Defendant's Motion to Transfer Venue [Dkt. No. 10] must be denied.

**Legal Standards**

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In applying Section 1404(a), the Court must first determine "whether the judicial district to which transfer is sought

would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once this initial determination is made, the Court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citations omitted).

Transfer of venue under Section 1404(a) is at the Court's discretion, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *El Chico Restaurants of Texas, Inc. v. Carroll*, No. 3:09-cv-2294-L, 2010 WL 2652286, at *2 (N.D. Tex. June 29, 2010) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must "demonstrate[] that the transferee venue is clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). But, while a plaintiff's choice of forum "should be respected" unless

-4-

"the transferee venue is clearly more convenient," Plaintiff's "choice of forum ... is not an independent factor within ... the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather, as noted above, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotation marks omitted).

The United States Court of Appeals for the Fifth Circuit has required that "[p]arties seeking a change of venue should act with reasonable promptness." *Peteet*, 868 F.2d at 1436 (internal quotation marks omitted). The Fifth Circuit has also explained that, in the Section 1404(a) analysis, "[t]he delay associated with transfer may be relevant 'in rare and special circumstances,' and [that the Fifth Circuit has] have found such circumstances present where a 'transfer [of] venue would have caused yet another delay in [an already] protracted litigation.'" *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) (quoting *In re Horseshoe Entm't*, 337 F.3d 429, 435 (5th Cir. 2003); *Peteet*, 868 F.2d at 1436). But the Fifth Circuit clarified that "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer," for, "[w]ere it, delay would militate against transfer in every case." *Id.*

## Analysis

I. <u>This case could have originally been brought in California.</u>

This action could have originally been filed in the Central District of California because both defendants are residents of California and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated in California. *See* 28 U.S.C. §

1391(b)(2)(3). Because neither Plaintiffs nor Defendants address this element, the Court assumes that they do not contend otherwise.

## II. The private interest factors weigh against transfer.

### A. Access to Sources of Proof

Defendants contend that "the majority of proof in this case are witnesses located in [ ] California" and identify witnesses Defendant Alexander Vysotsky, Vlad Vysotsky, Sean Vysotsky, Ludmila Vysotsky, and their Federal Rule of Civil Procedure 30(b)(6) representative, all of whom are located in California. According to the Declaration of Alexander Vysotsky, the Chief Executive Officer of Echotechworld, Inc., these witnesses are family members and employees of Echotechworld, Inc. *See* Dkt. No. 10-1 at 2. Defendants do not assert that any non-party or non-employee witnesses will need to be compelled to testify. They fail to provide any information about the substance of the witnesses' testimony in their motion but do provide such information in their reply. *See* Dkt. No. 23 at 6-7. But, at least as presented in their opening motion, Defendants' assertion that their key witnesses are located in California is not sufficient to meet their burden. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000) ("[T]he moving litigant must make more than a general allegation that key witnesses are inconveniently located.... The moving party must 'specifically identify key witnesses and outline the substance of their testimony."); *Holmes v. Energy Catering Servs., LLC*, 270 F. Supp. 2d 882, 887 (S.D. Tex. 2003) ("'At an absolute minimum, a Defendant must identify key witnesses and provide a brief summary of their likely testimony in an effort to demonstrate to the Court why it would be inconvenient for them to testify in [the

current venue].'") (citations omitted).

Plaintiffs respond that they plan to rely on witnesses who reside in the Dallas area to support their case, and they identify those witnesses by name and with a brief summary of each witness's likely testimony. *See* Dkt. No. 20 at 9-10; Dkt. No. 21 at 5. Plaintiffs also identify potential witnesses who are customers identified by Ecotech on its website. Those witnesses live in Texas, Florida, and Missouri – all of which are closer to Texas than to California – and Defendants state that those witnesses "may have information relating to how Echotech presents itself to the public, including how it falsely purports to be the successor of EcoQuest International and trades off of Plaintiffs' goodwill." *Id.* at 10-11.

Defendants also contend that "essentially, all of the conduct alleged in the Plaintiff[s'] complaint occurred in California." Dkt. No. 10 at 7. They argue that "nearly all" of Plaintiffs' allegations "discuss Defendants' operation of a website, and its transfer to a second website, both of which are operated out of Defendants' California office." *Id.* at 7-8. But Defendants do not explain in their motion how this makes access to sources of proof easier in California. In their reply, Defendants assert that the actual products will likely need to be presented at trial and, given the size of those product, transporting them to Texas will come at a significant and substantial cost to Defendants. But, again, Defendants do not explain why the products themselves will be needed at trial as Plaintiffs allege that Defendants are infringing on Plaintiff's trademarks on their website. Presumably much of the evidence in this case involves materials on Defendants' website, which by their nature are electronic, and that diminishes the

importance of where the records are located. *See Acumen Enters., Inc. v. Morgan*, No. 3:11-cv-619-L, 2011 WL 5822252, at *6 (N.D. Tex. Nov. 15, 2011).

Because Defendants fail to meet their burden to show that it would be inconvenient for the identified witnesses to appear in Texas, and because the majority of the evidence will apparently be electronic, this factor weighs against transfer or is, at best for Defendants, neutral.

B. <u>Compulsory Process to Secure Attendance of Witnesses and Cost of Attendance of Witnesses</u>

Defendants have only identified party witnesses who are relatives of Defendant Alexander Vysotsky and employees of Defendant Ecotechworld, Inc. As such, they do not need to be compelled to testify. *See Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 711 (S.D. Tex. 2011) (holding that a defendant's motion to transfer under 28 U.S.C. § 1404(a) may be denied when the witnesses are employees of the defendant and their presence can be obtained by the party). And Defendants acknowledge that it is unlikely their witnesses will need to be compelled to testify. *See* Dkt. No. 23 at 5. But, to the extent these witnesses would need to be compelled to testify, the parties could take their depositions. *See Acumen Enters.*, 20111 WL 5822252, at *7 (holding that this factor did not weigh in favor of transfer when the parties could take depositions of out-of-district witnesses).

Defendants have not identified any non-party witnesses and do not claim that any non-party witnesses would be unwilling to testify such that compulsory process would be necessary. Plaintiffs have identified potential non-party witnesses, one of

-8-

which resides in Texas and none of which reside in California.

Defendants also argue that it would be much cheaper if the case was based in California where its witnesses are located. But the same holds true for Plaintiffs if the case is in Texas. And "a decision to transfer venue must not simply shift the expense and inconvenience of litigating in a particular venue from one party to another." *Mannatech, Inc. v. Country Life, LLC*, No. 3:10-cv-533-O, 2010 WL 2944574, at *3 (N.D. Tex. July 26, 2010).

The Court determines that this factor weighs against transfer.

C. Other Practical Problems

Defendants do not identify any other practical problems that make trial of this case easy, expeditious, and inexpensive. They state that the possibility of viewing their premises is unlikely, but, if necessary, their office is located in California. *See* Dkt. No. 10 at 9. Defendants also argue that they have no connection to Texas and question Plaintiffs' motives in filing this lawsuit. But they do not identify any other practical issues that would favor transfer. And, because they fail to do so, this factor weighs against transfer to the Central District of California. *See TGI Friday's Inc. v. Great Northwest Restaurants, Inc.*, 652 F. Supp. 2d 750, 762 (N.D. Tex. 2009) (holding that the "all other practical problems that make trial of a case easy, expeditious and inexpensive" factor weighs in favor of maintaining venue where a movant fails to "provide evidence of any other practical issues favoring transfer").

III. The public interest factors weigh against transfer or are neutral.

A. Administrative Difficulties Flowing from Court Congestion

Defendants admit that this factor weighs slightly against transfer. Defendants state that for the 12-month period ending on September 30, 3017, the Central District of California weighted filings per judgeship was at 570, and in the Northern District of Texas it was at 539. *See* Dkt. No. 10 at 10; https://www.uscourts.gov/statistics-reports/us-district-courts-judicial-business-2017. According to Plaintiffs, judges in the Northern District of Texas have, on average, 5.7% fewer filings than judges in the Central District of California. *See* Dkt. No. 20 at 13.

B.     Local Interest in Having Localized Interests Decided at Home

Ordinarily, there is a preference to try an action where the alleged wrong occurred. *See Busch v. Robertson*, No. 3:05-cv-2043-L, 2006 WL 1222031, at *6 (N.D. Tex. May 5, 2006). Here, Plaintiffs and Defendants dispute where that was.

Defendants argue that the Central District of California has a greater interest in resolving this dispute because Defendants' offices are in California, acts which form the basis of Plaintiffs' complaint occurred in California, and Plaintiffs' seek injunctive relief to enjoin Defendants' business, which is located in California, from operating.

Plaintiffs argue that this district has a greater interest in resolving this dispute because Defendants advertised and shipped their products into Texas and have caused injury to Plaintiffs in Texas.

Plaintiffs also state that many of the products at issue are illegal to use in California because they are prohibited by the California Air Resources Board, *see* Dkt. No. 20 at 14; Dkt. No. 21 at 5; https://www.arb.ca.gov/research/indoor/ozone.htm, and that, therefore, California has less of an interest in a trademark dispute concerning

-10-

those products.

Because Plaintiffs' home forum has a local interest when plaintiffs bring the action in their home forum and Plaintiffs "contend[ ] that [defendants] engaged in infringing activities in this district," *Leader's Inst., LLC v. Together We Rise Corp.*, No. 3:17-cv-2604-B, 2018 WL 2010278, at *3 (N.D. Tex. Apr. 30, 2018), the Court finds that this factor weighs against transfer.

C. <u>Familiarity of the Forum with Governing Law</u>

Plaintiffs' Complaint alleges claims under federal law and Texas law. As for the federal Lanham Act claims, this Court has as much familiarity with the claims as the Central District of California. And this Court has more familiarity with the Texas state law causes of action than the Central District of California. Defendants concede that this factor does not weigh in favor of transfer and argue that it is neutral, but the Court disagree and finds that this factor weighs against transfer. But, even if it were neutral, that would not affect the outcome where, even if this factor were neutral, Defendants still would not have met their burden to demonstrate that the transferee venue is clearly more convenient.

D. <u>Avoidance of Unnecessary Problems of Conflicts of Law</u>

Defendants argues that conflict of laws should not be an issue because state trademark law is preempted by federal law. *See* U.S. CONST. Art. 6. Plaintiffs argue that the Lanham Act is a federal statute that would preempt state law if it contained an express statement that it did so, but it does not, and courts recognize that "state law is not preempted by the Lanham Act unless the two are in direct conflict." *Duncan v.*

*Freeman*, No. 3:14-cv-1827-G, 2014 WL 5286619, at *3 (N.D. Tex. Oct. 15, 2014). Both the Northern District of Texas and the Central District of California are equally able to determine any conflict-of-law issues. Therefore, the Court finds that this factor is neutral.

Because the majority of the private and public interest factors weigh against transfer or are neutral, the Court concludes that Defendants have not met their burden to demonstrate that the Central District of California is clearly more convenient and that, therefore, Defendants' Motion to Transfer Venue [Dkt. No. 10] must be denied.

## Conclusion

For the reasons explained above, the Court DENIES Defendants' Motion to Transfer Venue [Dkt. No. 10].

SO ORDERED.

DATED: April 17, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE